UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARIE KROL

          Plaintiff,          Case No. 2:12-CV-235

v.          HON. R. ALLAN EDGAR

PAYNE & DOLAN, INC.

          Defendant.
_____/

## **MEMORANDUM**

Plaintiff filed this case in the 47th Circuit Court for Delta County, State of Michigan, alleging that she fell on hot asphalt which had been laid by defendant. Plaintiff alleged that she suffered damages "in excess of $25,000." Defendant removed the case to this Court on the basis of diversity of citizenship. 28 USC § 1332. After the passage of some time, plaintiff has now moved (Doc. #102) to remand this case to the state court. Defendant opposes this motion (Doc. #104).

Defendant, as the removing party, bears the burden of satisfying the amount in controversy requirement found in 28 USC § 1332. *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (citing *Gafford v. Gen. Electric Co.*, 997 F.2d 150, 155 (6th Cir. 1993)). Plaintiff now says that she never sought damages in excess of the $75,000 statutory diversity threshold. Defendant asserts that since federal jurisdiction is determined at the time of removal, *id.,* plaintiff is not now permitted, via a post-removal stipulation reducing the damage claim, to defeat federal jurisdiction. *Rogers v.*

*Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).  In this case, however, we are simply dealing, not with a post-removal stipulation, but an amorphous claim by plaintiff that she suffered damages in excess of $25,000.  Plaintiff has now merely clarified the nature of her claim.  She has not reduced it.

Defendant contends that plaintiff's damages "more likely than not" exceed $75,000, citing its review of <u>other</u> cases involving burn injuries which resulted in damages in excess of $75,000.  However, this court is unconvinced that defendant has borne its burden of showing that the damages in <u>this</u> case exceed $75,000.  See <u>Baldori</u> v <u>Delta Airlines</u>, 2011 WL 1212069.

Consequently, this court lacks subject matter jurisdiction.  Plaintiff's motion to remand will be granted.

An order will enter.


Dated: 5/5/2014                              */s/ R. Allan Edgar*
                                             R. ALLAN EDGAR
                                             UNITED STATES DISTRICT JUDGE

2